NEW JERSEY DEPARTMENT OF LABOR.
WORKMEN'S COMPENSATION BUREAU.

WATSON B. GASKILL, PETITIONER, v. CLARENCE MASON, RESPONDENT.

**Disregard of Employer's Instructions—Amputated Leg—Agreement to Contribute to Purchase of Artificial Leg—Alleged Agreement Regarding Board—Notice Not Legally Given Nor Petition Filed.**

\*   \*   \*   \*   \*   \*   \*   \*   \*

I do find and determine from the evidence as follows:

That on April 5th, 1921, the petitioner was in the employ of the respondent, and was injured by being thrown from a wagon, causing a fracture of his leg, which had to be amputated. The respondent contends that inasmuch as the petitioner violated his instructions by driving down Main street hill, in Mount Holly, which he was told not to do, he is under no obligation with regard to the Compensation law. In view of the decisions, this claim is of doubtful merit.

According to the testimony, there was a written agreement between the parties covering a payment of $100, which money seems to have been intended for the purchase of an artificial limb. This agreement definitely stated that any legal liability was expressly denied. It cannot, therefore, be held to be an agreement under and recognizing the jurisdiction of the Compensation law. Even if this be admitted, its date as of July 2d, 1921, precludes the possibility of a hearing at this date.

The petitioner's attorney claims that the agreement on the part of the respondent to board the petitioner because of his permanent injury constitutes an agreement permitting a review of his case, inasmuch as the injured never received any compensation for his permanent disability. This also is not an agreement under the terms of the statute, which at no point provides that board shall be furnished as compensation. It still further appears that the petitioner did not, within the last year, prior to the filing of the petition, board with the respondent.

There being no signed agreement for compensation, nor a petition filed with the bureau within one year of the date of the accident, this cause must be and it hereby is dismissed.

W. E. STUBBS,
*Deputy Commissioner of Compensation.*